The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WESTERN & CLAY, LLC, et al.,

                Plaintiffs,

v.

LANDMARK AMERICAN INSURANCE COMPANY, et al.,

                Defendants.

Case No. C09-1423 MJP

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO COMPEL**

      This matter comes before the Court on Defendants' motion to compel production of three documents. (Dkt. No. 27.) Having reviewed the motion, Plaintiffs' response (Dkt. No. 30), the reply (Dkt. No. 36), and all papers submitted in support thereof, the Court DENIES in part and GRANTS in part Defendants' motion. A mediation statement and letter between Plaintiffs' counsel regarding the mediation are privileged and not subject to disclosure. (Exhibits A & B to the Affidavit of Roger Branigin.) The Court DENIES Defendants' motion to compel disclosure of these documents. A settlement agreement executed by Plaintiffs is not privileged and is subject to disclosure. (Branigin Aff. Ex. C.) The Court GRANTS Defendants' unopposed motion to compel disclosure of this document.

**Background**

This litigation concerns insurance coverage as to a large condominium construction project in Seattle. (Dkt. No. 1.) Previous litigation between the present group of Plaintiffs (contractors and real estate investors) ended in a mediated settlement. (Dkt. No. 23-2.) In the present action, the parties engaged in a mutual document exchange in Seattle in early February, 2010. (Branigin Aff. ¶ 4.) Through this exchange, Defendants found documents relating to the previous mediation that took place between the present group of Plaintiffs. Defendants seek to compel the disclosure of three documents: (1) a mediation statement that was prepared by Plaintiffs; (2) a letter from counsel for one of the plaintiffs about scheduling and engaging in the previous mediation; and (3) the Settlement Agreement signed by all Plaintiffs. (Branigin Aff. Exs. A-C.) Plaintiffs maintain that the first two of these documents are privileged under Washington's Uniform Mediation Act, RCW 7.07.010, -.030, and not subject to disclosure. Plaintiffs do not seek to protect the Settlement Agreement from disclosure. (See Dkt. No. 30.)

**Analysis**

Washington's Uniform Mediation Act applies a privilege to "mediation communication[s]," which are "not subject to discovery" and are not "admissible in evidence in a proceeding." RCW 7.07.030(1). "Mediation communications" include statements made during a mediation or statements made "for the purposes of considering, conducting, participating in, initiating, continuing, or reconvening a meditation." RCW 7.07.010(2). The term "proceeding" includes "[a] judicial . . . process," including the present litigation. RCW 7.07.010(7)(a). At least one court in this district has held this "privilege should be broadly construed." Prof'l Recreation Org., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, No. C09-174JLR, Dkt. No. 99 at 7 (W.D. Wash. Sept. 4, 2009) (finding statements made at a mediation that ended in a settlement to be subject to the mediation privilege).

The mediation statement Defendants seek to use in this litigation falls squarely under the mediation privilege. (Branigin Aff. Ex. B.) It is a document that was prepared for purposes of

conducting and participating in a mediation between Plaintiffs. RCW 7.07.010(2), -.030(2). It is not admissible in the present proceeding. Defendants argue the document is not privileged because mediation communications are only privileged if the previous mediation dealt with the same dispute now before this Court. The sole case on which Defendants rely lends no support to their strained reading of the Mediation Act's privilege. (Dkt. No. 27 at 7-11 (citing Mutual of Enumclaw v. Cornhusker Cas. Ins. Co., No. CV-07-3101-FVS, 2008 U.S. Dist. LEXIS 80266 (E.D. Wash. Sept. 16, 2008).) In Cornhusker, the court rejected application of the mediation privilege because the disputed statement was not actually made for purposes of "considering, conducting, participating in, initiating, continuing, or reconvening a mediation. . . ." Cornhusker, 2008 U.S. Dist. LEXIS 80266, at *8-9 (quoting RCW 7.07.010(2)). Here, the mediation statement was prepared exclusively to mediate the dispute that existed between Plaintiffs. A clearer application of the Mediation Act's privilege is difficult to imagine. The Court DENIES Defendants' motion to compel production of this document.

A letter exchanged between two lawyers representing different individual Plaintiffs with regard to the prior mediation is also protected by the mediation privilege. (Branigin Aff. Ex. A.) The letter contains statements made for the purpose of conducting the prior mediation. Washington's mediation privilege applies to these statements; they were "made for purposes of considering, conducting, participating in, [and] initiating . . . a mediation. . . ." RCW 7.07.010(2). The Court DENIES Defendants' motion to compel production of this document.

The Court permits Defendants to use the Settlement Agreement that was executed by the Plaintiffs. (Branigin Aff. Ex. C.) Plaintiffs do not object to its use. To this limited extent, the Court GRANTS Defendants' motion to compel production of this document.

**Conclusion**

The mediation privilege squarely applies to the mediation statement and attorney communication that Defendants seek to use in this litigation. The Court DENIES Defendants'

ORDER DENYING IN PART AND GRANTING IN PART                               CASE NO. C09-1423 MJP
DEFENDANTS' MOTION TO COMPEL - 3

1  motion to compel production of these documents.  The mediation privilege does not apply to the
2  Settlement Agreement, and Defendants' unopposed motion on this issue is GRANTED.
3        The Clerk shall transmit a copy of this Order to all counsel of record.
4        Dated this 10th day of May, 2010.

                                                 */s/ Marsha J. Pechman*
                                                 Marsha J. Pechman
                                                 United States District Judge